**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN TAORMINA,**

                **Plaintiff,**

                v.                              1:04-CV-1508
                                                           (FJS/RFT)

**INTERNATIONAL BUSINESS MACHINES CORP.**
**d/b/a IBM,**

                **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF STEFAN D. BERG**<br>309 Arnold Avenue<br>Syracuse, New York 13210<br>Attorneys for Plaintiff | **STEFAN D. BERG, ESQ.** |
| **PAUL, HASTINGS, JANOFSKY**<br>**& WALKER LLP**<br>75 East 55th Street<br>New York, New York 10022<br>Attorneys for Defendant | **ALLAN S. BLOOM, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court is Defendant's motion for partial reconsideration of the Court's September 5, 2006 Memorandum-Decision and Order. Specifically, Defendant requests that the Court reconsider its denial of Defendant's motion to dismiss Plaintiff's Age Discrimination in Employment Act ("ADEA") claim, together with the Court's holding that "as a matter of law, the Release is ineffective to waive Plaintiff's rights under the ADEA because it is not 'written in a manner calculated to be understood by . . . the average individual eligible to

participate,' 29 U.S.C. § 626(f)(1)(A), as the [Older Workers Benefits Protection Act] requires." *See* September 5, 2006 Memorandum-Decision and Order at 13 (footnote omitted).

In this District, the court will grant a motion for reconsideration in only three circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice. *See New York ex rel. Vacco v. RAC Holding, Inc.*, 135 F. Supp. 2d 359, 362 (N.D.N.Y. 2001) (quotation omitted). The standard for reconsideration is strict, and courts generally deny such motions unless the moving party presents "controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Finally, where the party seeking reconsideration bases its motion upon "error," the court has broad discretion and should not disregard the law of the case unless it has a "'clear conviction of error.'" *RAC Holding, Inc.*, 135 F. Supp. 2d at 362 (quotation omitted).

Defendant does not point to an intervening change in controlling law or present previously unavailable evidence. Thus, the Court assumes that Defendant is arguing that the Court's September 5, 2006 Memorandum-Decision and Order was clearly erroneous. However, after reviewing Defendant's submissions, the Court finds that Defendant is merely seeking to relitigate an already-decided issue by presenting substantially the same arguments and precedent as it presented in its original motion. Moreover, after reviewing the applicable law, the parties' prior submissions, and Defendant's current submissions, the Court concludes that its September 5, 2006 Memorandum-Decision and Order does not contain a clear error of law and, thus, denial of the motion will not cause manifest injustice.

Accordingly, after reviewing the entire file in this matter and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for partial reconsideration of the Court's September 5, 2006 Memorandum-Decision and Order is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 14, 2006
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge