UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN TAORMINA,

                                    **Plaintiff,**

                v.                                            1:04-CV-1508
                                                                             (FJS/RFT)

INTERNATIONAL BUSINESS MACHINES CORP.,

                                    **Defendant.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**JOHN TAORMINA**
Ballston Lake, New York 12019
Plaintiff *pro se*

**PAUL, HASTINGS, JANOFSKY**           **ALLAN S. BLOOM, ESQ.**
**& WALKER LLP**
75 East 55th Street
New York, New York 10022
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On October 1, 2007, Defendant requested that the Clerk of the Court enter a Notice of Default with regard to its counterclaims, *see* Dkt. Nos. 37-38, which the Clerk of the Court entered on October 3, 2007, *see* Dkt. No. 40. Defendant also filed a motion to dismiss for lack of prosecution. *See* Dkt. No. 39. On October 18, 2007, Defendant filed a motion for default judgment. *See* Dkt. No. 41. On December 21, 2007, Plaintiff filed a letter motion requesting additional time to seek counsel and to respond to Defendant's motions. *See* Dkt. No. 42. The

Court granted Plaintiff's request and directed him to provide a copy of its order to his new counsel or, if he was unable to retain counsel, to file his responses to Defendant's motions by January 22, 2008.  *See* Text Order dated January 2, 2008.  Despite the Court having granted him a further opportunity to do so, Plaintiff did not file a response to Defendant's motions.

## II. DISCUSSION

**A.     Defendant's motion to dismiss Plaintiff's complaint for lack of prosecution**

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  In the present case, other than filing a response to Defendant's motion to dismiss for failure to state a claim in August 2005, Plaintiff has not taken any affirmative steps to prosecute this action.  Moreover, despite the fact that the Court has provided him with an extension of time in which to do so, Plaintiff has neither notified the Court that he has retained counsel nor has he responded to either of Defendant's pending motions.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's complaint for lack of prosecution.

**B.     Defendant's motion for entry of a default judgment with regard to its counterclaims**

On June 30, 2005, Defendant filed its counterclaims.  *See* Dkt. No. 11.  Subsequently, on February 12, 2007, Defendant filed its answer with amended counterclaims.  *See* Dkt. No. 29.  In its first counterclaim, based upon the theory of unjust enrichment, Defendant asserts that

> Plaintiff would be unjustly enriched if he were allowed to retain
> the financial equivalent of the benefits IBM conferred upon
> Plaintiff pursuant to the signed Release when said benefits were

> conferred by IBM in exchange for Plaintiff's adherence to the terms of the Release. IBM seeks restitution of the financial equivalent of the benefits conferred upon Plaintiff by IBM pursuant to the Release and the Resource Action.

*See* Dkt. No. 29 at ¶ 71.

In its second counterclaim, based upon a breach-of-contract theory, Defendant contends that,

> [u]nder the Release, Plaintiff covenanted that he would not sue IBM under ERISA or the NYSHRL, including for claims related to his employment with IBM or the termination of his employment, and that if he did, he would pay all costs and expenses of defending against such suit incurred by IBM or associated with IBM, including said parties' attorneys' fees.
>
> . . . In his Complaint . . ., Plaintiff asserts a claim against IBM under ERISA and the NYSHRL arising from the termination of his employment, *i.e.,*, the very claims that he waived under the Release. . . .
>
> . . . Initiation of this action has caused IBM to incur, and will continue to cause IBM to incur through the conclusion of this action and any subsequent or related proceedings, costs and expenses, including but not limited to attorneys' fees, in an amount not yet known but which will be ascertainable by the time judgment is entered.

*See id.* at ¶¶ 75-77.

Finally, in its third counterclaim, Defendant argues that "it is entitled to a declaratory judgment that Plaintiff will remain liable to IBM for the costs and expenses described in IBM's Second Counterclaim, including attorneys' fees, incurred by IBM in any subsequent or other proceedings related to this action." *See id.* at ¶ 83.

Plaintiff has never filed an answer, or otherwise responded, to these counterclaims. In its

-3-

motion for entry of a default judgment, Defendant seeks an award of $12,578.14 in damages, *see* Notice of Motion at 1, "representing legal fees incurred from August 4, 2005 to the present for preparing and filing: (1) IBM's motion to dismiss Plaintiff's NYSHRL and ERISA claims; (2) IBM's counterclaims regarding Plaintiff's NYSHRL and ERISA claims; (3) the request for certificate of entry of default on IBM's counterclaims; and (4) IBM's notice of motion for judgment by default.  *See* Affirmation of Allan S. Bloom, filed October 18, 2007, at ¶ 7.

Pursuant to the Release that Plaintiff signed, he agreed that if he

> violate[d] this covenant not to sue by suing IBM or those associated with IBM, [he] agree[d] that [he] would pay all costs and expenses of defending against the suit incurred by IBM or those associated with IBM, **including reasonable attorneys' fees**, and all further costs and fees, including attorneys' fees, incurred in connection with collection.

*See* Release at 2 (emphasis added).

In its Memorandum-Decision and Order dated September 5, 2006, the Court found "that Plaintiff knowingly relinquished all of [his ERISA and New York Human Rights Law] claims when he agreed to 'never institute a claim of any kind against IBM.'  *See* Release at 2."  *See* Dkt. No. 19 at 17.  Therefore, the Court granted Defendant's motion to dismiss these claims.  *See id.* In light of this conclusion, Defendant is entitled to an award of reasonable attorney's fees under the terms of the Release.  Accordingly, the Court grants Defendant's motion for a default judgment on its counterclaims with regard to the issue of liability.

With regard to the issue of damages, however, the Court does not have sufficient information to determine if the amount of attorney's fees that Defendant seeks is reasonable. It is well-established in this circuit that, when a party seeks an award of attorney's fees, it must

support its request with contemporaneous time records that show "'for each attorney, the date, the hours expended, and the nature of the work done.'" *Whitten v. Cross Garage Corp.*, No. 00 Civ. 5333, 2003 WL 21744088, *6 (S.D.N.Y. July 9, 2003) (quotation omitted). In this case, although Defendant's counsel states that Defendant has incurred attorney's fees in the amount of $12,578.14, Defendant has not submitted any documentation to support this amount. Therefore, the Court directs Defendant to file the necessary documentation, including contemporaneous time records of all the attorneys and paralegals for whose work it seeks reimbursement, to support such an award.[1,2]

### III. CONCLUSION

After carefully considering the entire file in this case, Defendant's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for entry of a default judgment against Plaintiff on its

---

[1] The Court notes that it recently determined that "the reasonable hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, are $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, and $120 per hour for an attorney with less than four years experience." *Rahiym-Amir v. Ballamy of Corinth, Inc.*, No. 1:04-CV-121, 2007 WL 4573409, *5 (N.D.N.Y. Dec. 26, 2007) (citation omitted).

[2] Defendant must also provide the Court with information about the number of years of experience each of the attorneys and or paralegals has.

counterclaims is **GRANTED** with respect to the issue of liability; and the Court further

**ORDERS** that Defendant shall file with the Court and serve on Plaintiff the documentation, including contemporaneous time records, necessary to support its request for attorneys' fees within **ten days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff opposes the amount of attorney's fees that Defendant seeks, Plaintiff shall file with the Court and serve on opposing counsel his opposition papers within **twenty days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: January 30, 2008
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge